THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| TRACY JERMAINE RICHARD #185814, | Case No.: {TO BE SUPPLIED BY THE COURT CLERK} |
| Plaintiff, | |
| vs. | |
| RICHARD ALLEN, COMMISSIONER OF ALABAMA DEPT. OF CORRECTIONS, PAUL WHALEY, DIRECTOR OF CLASSIFICATION FOR ALABAMA'S DEPT. OF CORR., | 2:07cv338-WHA |
| Defendant | |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO THE DEFENDANTS**

Plaintiff prays that this Honorable Court will order the Defendant to answer the following interrogatories under Oath pursuant to Rule 33 of the Fed.R.Civ.P..

(1). Has the Plaintiff been denied any less restrictive custody or security classification due to the details of an alleged offense {Kidnapping} that he was acquitted of on May 16, 2001?

(2). Does the Alabama's Department of Corrections classification manual grants the defendants the discretion to rely upon false information in determining whether to grant an inmate any less restricted custody status?

(3). Does the use of false information by the Defendant's in denying the Plaintiff any less restricted custody cause him to be treated arbitrarily and capriciously in violation of due process?

(4).Does the Plaintiff have a due process right to be fairly considered for the less restricted custody or security classification without the Defendants relying on false information?

(5).Does the Alabama Department of Corrections classification manual creates a legitimate expectation of or entitlement to the lowest placement {custody or security classification} possible that should not be denied on the use of false, erroneous, insufficient, or capricious reasons?

(6).Is the Plaintiff entitled to have false, erroneous, and/or capricious information expunged from his prison file which violates his due process right?

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT**

Plaintiff respectfully ask this Honorable Court to ORDER the Defendant to produce a copy of the requested documents in thirty (30) days after the service of the request pursuant to Rule 34 of the Fed.R.Civ.P.

(1).Provide a copy of any facts that will support the alleged acts of a Kidnapping occurring. Emphasis added to "facts that will support".

(2).Provide a copy of the classification manual that grants the Defendants the discretion to rely upon false information in

determining whether to grant an inmate any less restricted custody status.

(3). Provide a copy of the classification manual that creates a legitimate expectation of or entitlement to the lowest custody or security classification possible.

(4). Provide a copy of the documents submitted to the Defendants from Charles Blackledge/Bullock Correction Facility Classification Supervisor on February 2, 2006.

**PLAINTIFF'S FIRST REQUEST FOR ADMISSION BY THE DEFENDANTS**

Plaintiff respectfully ask this Honorable Court to ORDER the Defendants to make the following admissions under Oath as permitted by Rule 36 of the Fed.R.Civ.P.

(1). The Defendants admits that the Plaintiff has been denied any less restricted custody based on conduct that was alleged to an officer within the Prattville Police department that he was acquitted of on May 16, 2001.

(2). The Defendants admit that the classification manual for the Alabama's Department of Corrections creates a legitimate expectation of a entitlement to the lowest placement {custody or security classification} possible.

(3). The defendants admit that the classification manual for the Alabama's Department of Corrections does not grant them the discretion to rely upon false information in determining whether to grant an inmate any less restricted custody status.

(4). The Defendants admit that there were no facts presented in court to support the alleged victim allegations of being Kidnapped, else he would have been guilty of it.

(5). The defendants admit that Charles Blackledge/Bullock Correctional Facility Classification Supervisor Stated: "Because Richard has done no Kidnapping, else he would have been guilty of it there can not be any detail of it…" and "Kidnapping can not be a basis for judgment…" {See Attached exhibit #}.

(6). The defendants admit that because the Plaintiff has done no Kidnapping, else he would have been guilty of it at trial. There can not be any details that are credible.

Dated this     day of April, 2007

x *Tracy Richard*
TRACY J. RICHARD
Bullock Corr. Fac.
Post Office Box 5107
Union Springs, Al.
36089