IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRACY RICHARD #185814, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 2:07-cv-338-WHA-CSC |
| | ) |
| RICHARD ALLEN, et al., | ) |
| | ) |
| Defendants. | ) |

## SPECIAL REPORT AND ANSWER

COME NOW Defendants Commissioner Richard Allen and Classification Director Paul Whaley, by and through the undersigned counsel in the above-styled action, and file their Special Report and Answer pursuant to the May 10, 2007 of this Honorable Court. Defendants state as follow:

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that Defendants are relying on false details of an alleged kidnapping, this causing Plaintiff to be denied a lower custody level.

## DEFENDANTS

1.  Richard Allen, Commissioner
    Alabama Department of Corrections
    P.O. Box 301501
    Montgomery, AL 36130

2.  Paul Whaley, Classification Director
    Alabama Department of Corrections
    P.O. Box 301501
    Montgomery, AL 36130

## **DEFENSES**

Defendants assert the following defenses to Plaintiff's claims:

1. Defendants deny each and every material allegation contained in Plaintiff's Complaint and demand strict proof thereof.

2. Defendants plead not guilty to the charges in Plaintiff's Complaint.

3. Plaintiff's complaint fails to state a claim upon which relief can be granted.

4. Plaintiff is not entitled to any of the relief requested.

5. Defendants plead the defense of qualified immunity and aver that any purported action taken by any of them was reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by Plaintiff.

6. Defendants are entitled to qualified immunity and aver it is clear from the face of the complaint that Plaintiff has not alleged specific facts indicating that any Defendant violated any clearly established constitutional right.

7. Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

8. The allegations contained in Plaintiff's Complaint against Defendants, fails to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. *See Oladeinde v. City of Birmingham*, 963 F. 2d 1481, 1485 (11th Cir. 1992); *Arnold v. Board of Educ. of Escambia County, Ala.*, 880 F. 2d 305, 309 (11th Cir. 1989).

9. Defendants plead all applicable immunities, including but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

10. Defendants were at all times acting under the color of state law and therefore, they are each entitled to substantive immunity.

11. Defendants plead the general defense.

12. This Court lacks subject matter jurisdiction due to the fact that even if Plaintiff's allegations should be proven, the allegations against these Defendants would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights.

13. All claims of Plaintiff against these Defendants in their official capacity are barred by the Eleventh Amendment to the United States Constitution.

14. Defendants plead the affirmative defense that Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render them liable to Plaintiff.

15. Defendants plead the affirmative defense that Plaintiff has failed to mitigate his own damages.

16. Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. §1997e (a) and as such these claims should be dismissed.

17. Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against any of them and that any such award would violate the United States Constitution.

18. Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e) (c).

19. Defendants reserve the right to raise additional defenses.

## DISCLOSURES

In accordance with the May 10, 2007 Special Report Order, Defendants submit the following initial disclosures:

A. Attached affidavits of:

    1.    Richard Allen, Commissioner

    2.    Paul Whaley, Classification Director

B. The following persons may have personal knowledge of the facts relevant to the claims asserted by Plaintiff or the defenses asserted by Defendants:

    Paul Whaley, Classification Director

    Charles Blackledge, Classification Specialist, Bullock Correctional Facility

    Tracy Richard, Plaintiff

C. Clear and legible copies of the documents relevant to claims or defenses asserted in the action are as follows:

    3.    Inmate Summary Data

## STATEMENT OF THE FACTS

Plaintiff is an inmate within the Alabama Department of Corrections. He was confined at Bullock Correctional Facility in Union Springs, Alabama. Plaintiff is serving a 15-year term for Burglary I and Possession of a Controlled Substance. (Ex. 3)

Plaintiff alleges that he is being denied a lower classification due to false information in his correctional file. This allegation is false.

The Alabama Department of Corrections (ADOC) utilizes information in assessing risk and determining an inmate's placement and custody. (Ex. 2) On or about

4

January 21, 2000, it was reported that Plaintiff took a victim from the victim's residence to the Plaintiff's residence against her will. (Ex. 2) ADOC is responsible for ensuring the protection of the public. (Ex. 2) "All less restrictive placements, programs, and custodies offered by the ADOC are privileges to which no criminal, offender enjoys any right or entitlement of consideration, let alone, participation." (Ex. 2) ADOC is not in the position to expunge this type of information from Plaintiff's file. (Ex. 2)

It should be noted that Defendant Allen does not control the daily operation of Bullock Correctional Facility. (Ex. 1)

## ARGUMENT

### I.    Immunities

As is evident from Plaintiff's complaint, his claims are directed principally toward actions allegedly perpetrated by officials of the Alabama Department of Corrections (ADOC). There are no claims directed specifically toward Defendant Commissioner Allen.

"'It is well established in [the Eleventh] Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability.'" Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999). Thus, the Commissioner cannot be subjected to suit merely because other state officials or agents who may ultimately answer to them have allegedly violated the law.

There is a requirement for "heightened pleading" that attends section 1983 claims, especially those for which qualified immunity is raised as a defense. See Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003). As the Eleventh Circuit has held, "[i]n civil

rights and conspiracy actions, . . . more than mere conclusory notice pleading is required" and "a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). The courts "'generally accord . . . official conduct a presumption of legitimacy.'" Gonzalez, 325 F.3d at 1235 (quoting United States Dep't of State v. Ray, 502 U.S. 164, 179 (1991)).

Defendants are officials or agencies of the State of Alabama, Plaintiff's official-capacity claims must be considered to be against the State itself. This, in turn, affords the Defendants Eleventh Amendment immunity; the State need not actually be named as a party for such immunity to be available. See Williams v. Bennett, 689 F.2d 1370, 1376 (11th Cir. 1982), cert. denied 464 U.S. 932 (1983). Thus, Plaintiff's federal claims for damages against the Defendants in their official capacities are barred by Eleventh Amendment immunity and should be dismissed.

Plaintiff's state-law claims against the Defendants in their official capacities are similarly barred by the State's sovereign immunity, as is bestowed by Article I, Section 14 of the Alabama Constitution of 1901. In Haley v. Barbour County, the Alabama Supreme Court held that "Section 14 prohibits actions against state officers in their official capacities when those actions are, in effect, actions against the State." 885 So. 2d 783, 788 (Ala. 2004) (citing Lyons v. River Road Constr., Inc., 858 So. 2d 257, 261 (Ala. 2003), and Mitchell v. Davis, 598 So. 2d 801, 806 (Ala. 1992)). Thus, the Plaintiff's claims under state law for damages against the Defendants in their official capacities are barred by sovereign immunity and should be dismissed.

The Defendants are entitled to qualified immunity regarding the individual-capacity federal claims stated in Plaintiff's complaint. The basic test for qualified immunity was stated in Harlow v. Fitzgerald, 457 U.S. 800 (1982):

> [G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate "clearly established" statutory or constitutional rights of which a reasonable person would have known.

457 U.S. at 818. Qualified immunity bars claims "so long as [the defendant's] actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987). Further, qualified immunity is not just a bar to damages; it is a bar to suit. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Even allegations of animus by a state actor against a plaintiff are not sufficient to overcome the presumption of qualified immunity. See Hansen v. Soldenwagner, 19 F.3d 573, 578 (11th Cir. 1994) (stating that "[f]or qualified immunity purposes, the subjective motivation of the defendant-official is immaterial"). Also, in Gardner v. Howard, 109 F.3d 427, 429-430 (8th Cir. 1997), the Eighth Circuit held "[q]ualified immunity shields government officials from §1983 damage liability unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." (Citing Harlow v. Fitzgerald, 457 U.S. 800 (1982)).

The justification for qualified immunity is that such immunity is necessary in order for the government to effectively function. If not for the protections immunity provides, state officials could be subject to suit for every move they make. This action would have a serious chilling effect on the ability of such officials to do their jobs. In

sum, state officials should be allowed to exercise discretion in the performance of their duties without fear of a lawsuit around every corner. Mitchell, 472 U.S. at 525-26; see also Hunter v. Bryant, 502 U.S. 224, 229 (1991); Burrell v. Bd. of Trustees of Ga. Military College, 970 F.2d 785, 794 (11th Cir. 1992), cert. denied, 507 U.S. 1018 (1983).

In the present case, the Defendants deny that they violated "a clearly established right" of the Plaintiff. As such, it is incumbent upon Plaintiff to show that the Defendants violated "clearly established constitutional law" in their dealings with Plaintiff. See Zeigler v. Jackson, 716 F.2d 847, 849 (11th Cir. 1983) (holding that it is a plaintiff's burden to rebut a defendant's qualified immunity defense). This, however, has not been demonstrated by Plaintiff. He has alleged no constitutional injury perpetrated by any of the Defendants. Likewise, Plaintiff cannot contend that the Commissioner vicariously harmed him because of the alleged actions of other state officials or agents. See Cottone, 326 F.3d at 1360. Because Plaintiff cannot demonstrate that any of his clearly established constitutional rights have been infringed, qualified immunity bars his attempt to impose liability on the Defendants. Therefore, Plaintiff's federal claims against the Defendants in their individual capacities should be dismissed.

Plaintiff asserts his allegations against the Defendants in both their individual and official capacities. As was stated previously, Defendants are entitled to sovereign immunity to the extent Plaintiff has sued them in their official capacities for damages under state law. However, just as the Defendants in their individual capacities are entitled to qualified immunity under federal law, they are protected by State-agent immunity under state law.

8

In Ex parte Butts, 775 So. 2d 173 (Ala. 2000), the Alabama Supreme Court adopted a test that was first set out in its plurality opinion in Ex parte Cranman, 792 So. 2d 392 (Ala. 2000), for evaluating whether a state official sued in his individual capacity is entitled to immunity as an agent of the State. Though distinct from a qualified immunity analysis under federal law, State-agent immunity similarly shields state officials from liability while they are discharging their duties in good faith. In this case, the Defendants' alleged actions clearly fall within the protection of State-agent immunity under Alabama law. See Butts, 775 So. 2d at 177-78 ("A State agent *shall* be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's . . . exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners").

The Defendants can only be divested of State-agent immunity upon a showing that they acted willfully, maliciously, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of law. Butts, 775 So. 2d at 177-78; Ryan v. Hayes, 831 So. 2d 21, 28 (Ala. 2002). Moreover, it is the Plaintiff's burden to make such a showing. Ryan, 831 So. 2d at 27-28; see also Giambrone v. Douglas, 874 So. 2d 1046, 1052 (Ala. 2003) (holding that, once it is shown that a state agent was undertaking a discretionary function, the burden shifts to the plaintiff to disprove the defendant's entitlement to immunity).

Plaintiff simply cannot carry the burden of proof in this case. As argued herein, Plaintiff has not bothered to state with any particularity what all of the Defendants did to become defendants in this lawsuit. Consequently, it is inconceivable that Plaintiff could marshal the evidence needed to defeat State-agent immunity.

## II.    Duties

These courts have continuously recognized that the operations of correctional institutions are, at best, a difficult assignment and that correctional officials must be given broad range in discretion and latitude in which to carry out their duties. See Hewlitt v. Helms, 459 U.S. 460 (1983). "Prison administrators...should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979); Sims v. Mashburn, 25 F.3d 980 (11th Cir. 1994).

In *Gardner v. Howard*, 109 F.3d 427, 429-430 (8th Cir. 1997), the Eighth Circuit held "[q]ualified immunity shields government officials from §1983 damage liability unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." (Citing *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). The United States Supreme Court considered the issue of incoming legal mail in *Wolff v. McDonnell*, 415 U.S. 539, 576-577 (1974). The *Wolff* decision held "[w]e need not decide, however, which, if any, of the asserted rights are operative here, for the question is whether, assuming some constitutional right is implicated, it is infringed by the procedure now found acceptable by the State....we think that [the prison officials], by acceding to a rule whereby the inmate is present when mail from attorneys is inspected, have done all, and perhaps even more, than the Constitution requires." "The policy that incoming confidential legal mail should be opened in inmates' presence instead serves the prophylactic purpose of assuring them that confidential attorney-client mail has not been improperly read in the guise of searching for contraband." *Gardner* at

431; citing *Harrod v. Halford*, 773 F.2d 234 (8th Cir. 1985); *Morgan v. Montanye*, 516 F.2d 1367 (2nd Cir. 1975).

It has been the position of the Alabama Court of Criminal Appeals that an inmate "does not have a liberty interest in a particular custody or security classification." Block v. Alabama Department of Corrections, 923 So.2d 342 (Ala. Crim. App. 2005); Handley v. State, 549 So.2d 630, 631 (Ala. Crim. App. 1989). (Others citations omitted.) The Alabama Court of Criminal Appeals has also held "'[t]he classification scheme adopted by the Alabama prison system to determine the custody status of prisoners "is not arbitrary and capricious, but reasonable and appropriate."'" Block at 343; citing Hill v. State, 594 So.2d 246, 248 (Ala. Crim. App. 1992) (Other citations omitted). "[C]ustody classifications in prison do not amount to matters in which the inmate has a constitutional right." Block at 343; Hadley, 549 So.2d at 631.

Although, the Alabama Supreme Court held in Ex parte Berry, 794 So.2d 307 (Ala. 2000) that an inmate had a protected liberty interest in work release once classified in said program that has since changed. The Alabama Court of Criminal Appeals held in Ward v. State, 929 So.2d 1048, 1050 (Ala. Crim. App. 2005) the following:

> However, subsequent to the Supreme Court's decision in *Ex parte Berry*, the DOC changed the language in its *Classification Manual*. On July 9, 2003, the *Classification Manual* was amended to delete the requirement that a due-process hearing be held before an inmate is removed from work-release status. The pertinent language now reads: "[A] reclassification process is not required in order to remove an inmate from work release." This language does not prevent the arbitrary removal of an inmate from the work release program; therefore, this language does not create a liberty interest in remaining in the work-release program, like the language in the *Classification Manual* as the time in *Ex parte Berry* was decided did.

Due to this change in the *Classification Manual* and the Ward ruling, the Petitioner does not have a liberty interest in the work release program and is "not entitled to the due-process protections of Wolff v. McDonnell, 415 U.S. 539 (1974)." (Ward at 1050.). As the Ward Court held, the Petitioner's "claim that he was entitled to due process before being removed from the work-release program, or whatever grounds he asserts, is without merit." (Id.) Therefore, Petitioner does not a have protected right or liberty interest in a lesser restrictive custody level or work release program.

Wherefore these premises considered, Defendants pray that this Honorable Court will find that Plaintiff is not entitled to any relief and this complaint should be dismissed.

Respectfully submitted,

/s/TARA S. KNEE
TARA S. KNEE
ASSISTANT ATTORNEY GENERAL
ASSISSTANT GENERAL COUNSEL

**ADDRESS OF COUNSEL:**
Alabama Department of Corrections
Legal Division
Post Office Box 301501
Montgomery, Alabama 36130-1501
(334) 353-3881

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following (or by U.S. Mail to the non-CM-ECF participants):

Inmate Tracy Richard
AIS #185814
Bullock Correctional Facility
P.O. Box 5107
Union Springs, AL 36089

/s/Tara S. Knee
Tara S. Knee
Assistant Attorney General
Assistant General Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TRACY J. RICHARD #185814 | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | CV-07-338 |
| RICHARD ALLEN, COMMISSIONER, ET AL., | ) ) ) | |
| Defendants. | ) | |

## AFFIDAVIT

STATE OF ALABAMA

MONTGOMERY COUNTY

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared Richard Allen, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Richard Allen. I am presently employed as Commissioner of the Alabama Department of Corrections. I am over twenty-one (21) years of age.

I do not know the Plaintiff in this matter and to my knowledge have not had any contact with him. As Commissioner, I do not control the daily operation of Bullock County Correctional Facility and had no involvement in the incidents of which Plaintiff complains.

I deny that I have violated the Plaintiff's constitutional rights in any way.

_____
Richard Allen
Commissioner

EXHIBIT 1

Tracy J. Richard v. Allen, et al.
AIS#185814
CV-07-338

Page 2

SWORN TO AND SUBSCRIBED before me this 23 day of May, 2007.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES 6 Mar 08

STATE OF ALABAMA:                 CIVIL ACTION NO. 2:07cv-338-WHA
MONTGOMERY COUNTY:          RICHARD, TRACY J. #185814R

## AFFIDAVIT

My name is Paul Whaley II and I am presently employed as the Director of Classification, Alabama Dept. of Corrections, P O Box 301501, Montgomery, Alabama 36130. I am over the age of twenty-one years. I have 28 1/2 years' experience with the Alabama Dept. of Corrections, all in the area of inmate classification. I worked at Kilby as the institutional classification specialist for five years managing a caseload as well as performing intake and reclassification duties. Following that, I served 9½ years as a member of the Central Review Board where the vast majority of classification determinations statewide relative to placements, programs, custodies, institutional assignments and security levels were made. I have served as the Director of Classification for 14 years. I have attended specialized training with the National Institute of Corrections. I hold Masters' degrees in both Criminal Justice and Counseling. I hold a specialized instructor's certificate (#647) issued by the Peace Officers' Standards and Training Commission. I have given presentations around this state to Circuit Judges, District Attorneys, and attorneys for CLE credit. I am qualified to testify to the following with respect to the issues raised in this pleading.

Inmate Tracy Jermaine Richard #185814R is a violent and repeat criminal offender currently serving a 15 year sentence for the class A felony of Burglary I.

In his complaint, inmate Richard or his legal amanuensis take issue with Alabama Department of Corrections utilizing the facts of his crime in assessing risk and determining an appropriate placement and custody. The facts are a matter of record (exhibits A & B). This was a terrifying crime with elements of action and/or elements of detaining or moving the victim against her will in it. Contrary to inmate Richard's assertions, it is appropriate to consider the details of an offense in assessing issues of public risk. The primary responsibility of the ADOC is to insure the protection of the public, not to assuage the delicate psyches of those criminal offenders therein confined

EXHIBIT 2

Page 2, Richard, Tracy J. #185814R

who find the details of their offense too odious or which now stand in the way of what they believe themselves entitled.

There is no felony conviction of kidnapping. There never was. No one has "re-charged" Richard with anything. The details of his crime are, however, a matter of record within the context of available information surrounding the offense; it falls well within the purview of the ADOC to consider those details when making determinations of risk. All less restrictive placements, programs, and custodies offered by the ADOC are privileges to which no criminal, offender enjoys any right or entitlement of consideration, let alone participation. The facts of a case cannot be "expunged" from a file nor can such facts be ignored simply because they are now troubling to the offender. Richard is considered a public risk due to his crime of record
(Burglary I) and it is within the purview of the ADOC to use any information in making determinations of risk or appropriateness of assignment.

As Director of Classification, I certainly have no authority to remove any information from any offender's file. Inmate Richard classification is correct. He is not eligible for any less restrictive placement or custody than he currently enjoys. No right of this criminal has been violated.

_____
Paul Whaley II


STATE OF ALABAMA:
COUNTY OF MONTGOMERY:
SWORN TO AND SUBSCRIBED before me this the __15__ day of __June__, 2007.

_____
Notary Public

## ALABAMA UNIFORM INCIDENT/OFFENSE REPORT SUPPLEMENT

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

| Field | Value |
|---|---|
| 1. DATE | 04/01/00 |
| 2. AGENCY NAME | PRATTVILLE POLICE DEPT. |
| 3. DATE AND TIME OF REPORT | 04/29/00 21:30 |
| 4. CASE # | 00012053 |
| 5. VICTIM'S NAME (ORIGINAL REPORT) | [redacted] |
| 7. ORIGINAL OFFENSE DATE | 04/22/00 |
| 8. TYPE REPORT | ☒ CONTINUATION ☐ FOLLOW-UP |
| 9. ORIGINAL INCIDENT/OFFENSE | BURGLARY 1ST / KIDNAPPING 1ST |
| 11. STATE CODE/LOCAL ORDINANCE | 13A-7-5 / 13A-6-43 |
| 15. HAS AN ARREST BEEN MADE? | ☒ YES ☐ NO |
| 16. DATE OF ARREST | 04/29/00 |
| 17. HAS WARRANT BEEN OBTAINED? | ☒ YES ☐ NO |
| 18. DATE OF WARRANT | 04/29/00 |

### NARRATIVE

1990 OLDSMOBILE, ALONG WITH THE CHROME PIECE OF THE REAR BUMPER. THE VEHICLE WAS PARKED AT RICHARD'S RESIDENCE; 107 SEVENTH ST. AS SEARCH OF THE RESIDENCE WAS CONDUCTED, AND TRACEY RICHARD WAS FOUND, ALONG WITH [redacted]. [redacted] STATED THAT RICHARD HELD HIS HAND OVER HER MOUTH, SO NO ONE WOULD HEAR HER SCREAM OUT TO US FOR HELP. MS. [redacted] WAS TREATED BY MEDICAL PERSON AT THE SCENE. TRACEY RICHARD WAS ARRESTED AT THE SCENE, TRANSPORTED TO THE CITY JAIL, PROCESSED, AND HELD UNTIL HE WAS TRANSPORTED TO THE COUNTY. CASE CLOSED; ARREST. TURNED OVER TO INVESTIGATOR BOLES. LT. JONES WAS NOTIFIED, AS WELL.

**DOLLAR VALUE** — 24. MOTOR VEHICLE: $150

**CASE STATUS:** ☒ CLOSED
**CASE DISPOSITION:** ☒ CLEARED BY ARREST (ADULT)

**REPORTING OFFICER:** C.J. JARAMILLO    040
**ASSISTING OFFICER:** J.D. HARRY    082
**SUPERVISOR APPROVAL:**  #011

TYPE OR PRINT IN BLACK INK ONLY

ACJIC—33 REV. 11-94

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

| INCIDENT/OFFENSE REPORT CONTINUED | DATE AND TIME OF REPORT 01/21/00 21:30 PM | CASE # 0000121053 | OFFENDER / SUSPECT |
|---|---|---|---|

| NAME (LAST, FIRST, MIDDLE): RICHARD, TRACY | NICKNAME/ALIAS: "POOKIE" | RACE: B | SEX: M | DOB: 12/27/73 | AGE: 26 |
| ADDRESS: 107 SEVENTH ST, PRATTVILLE, AL 36067 | HGT: 6'02 | WGT: 240 | EYE: BRO | HAIR: BLK | COMPLEXION: DBR |
| ARMED? N | | | | ARRESTED | |

**NARRATIVE:**

ON 01-21-2000, OFF. CHAMPION, OFF. HARRY, AND I, RESPONDED TO 104 COSBY CT. IN REFERENCE TO AN ASSAULT. UPON ARRIVAL, I SPOKE WITH MS. ~~[REDACTED]~~ (MOTHER OF VICTIM), WHO STATED THAT TRACEY RICHARD, (SUSPECT), ENTERED HER RESIDENCE THROUGH THE BACK DOOR, AND THAT IT WAS FORCIBLE ENTRY. ONCE TRACEY RICHARD GAINED ENTRY, HE FORCED MS. ~~[REDACTED]~~ (VICTIM), OUT OF THE RESIDENCE BY DRAGGING HER AS HE FORCED HER INTO A 1990 OLDSMOBILE, BRONZE IN COLOR, AND FLED WITH HER, TAKING HER TO HIS RESIDENCE AT 107 SEVENTH ST. AS RICHARD LEFT THE SCENE AT 104 COSBY CT., HE STRUCK THE NORTHEAST CORNER OF THE RESIDENCE WITH THE VEHICLE, LEAVING A PIECE THAT MATCHED THE COLOR OF THE

SIGNATURE: Shirley Sanders

REPORTING OFFICER: C.J. JARAMILLO   040
ASSISTING OFFICER: J.D. HARRY   087

WITNESS #1 SSN: 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

```
                         DISPLAY INMATE SUMMARY DATA            ** PRODUCT **
 18/JUN/2007     15:30:23       CDSUM      499    L-TARA        CDSUM01    604
------------------------------------------------------------------------------
 AIS: 00185814R  INMATE: RICHARD, TRACY JERMAINE      RACE: B   SEX:  M

 INST: 045-BULLOCK CORRECTIONAL FACILITY  JAIL CR: 1173D DOB: 12/22/1973
 SSN: [REDACTED]      PAR CONS DT: 02/2009  CURR CUST: MIN9  CURR CUST DT:08/16/2005
                                            ALIAS: RICHARDS, T JERMAINE
 ALIAS: "POOKIE",
 ADM TP: NEW COMMITMENT - SPLIT SENTEN  STATUS: NEW COMIT FROM CRT W/O REV OF
 INIT SENT DT:12/01/2004 ADM DT: 05/16/2001 DEAD TIME: 00Y 00M 00D
                                  N                                    TY
 COUNTY       SENT DT    CASE   L CRIME                      TERM      PE
 AUTAUGA    12/01/2004  000242  Y BURGLARY I               15Y00M00D   CS
 AUTAUGA    11/08/2006  000242  Y POSS CONTROL SUBSTANCE   08Y00M00D   CC


                    NO MORE RCDS THIS TYPE AVAIL
 INMATE HAS 004DISCIPLINARIES RESULTING IN LOSS OF 000Y00M00D OF GOOD TIME.
 INMATE HAS 016TRANSFER RECORDS ON FILE.
 INMATE HAS 00 DETAINER/WARRANT RECORDS ON FILE.
  TOTAL  TERM  REV GOOD TIME  MIN REL DT  TOT GOOD TIME  SHORT DATE  LONG DATE
 015Y 00M 00D   000Y 00M 00D   09/12/2016  000Y 00M 00D   09/12/2016  09/12/2016
```

**EXHIBIT 3**